**MATTHEW BENDER & COMPANY, INC., Plaintiff,**

v.

**JURISLINE.COM LLC and Lee Eichen, Defendants.**

**No. 00 Civ. 1132 (JSR).**

United States District Court,
S.D. New York.

April 6, 2000.

Stephen Rackow Kaye, Jon Baumgarten, Charles Sims, Michael Mervis, Proskauer Rose LLP, New York City, for Plaintiff.

Edward Normand, Robert Silver, David Boies, Boies, Schiller & Flexner L.L.P., Armonk, NY, for Defendants.

## MEMORANDUM ORDER

RAKOFF, District Judge.

Plaintiff moves to remand this action for fraud and breach of contract to the Supreme Court of the State of New York, County of New York, from whence it was removed on February 15, 2000. Plaintiff argues that the underlying claims—which allege in effect that defendants fraudulently obtained portions of plaintiff's database of uncopyrightable court decisions and, in violation of the terms of the "shrinkwrap" agreement that was triggered by defendants' accessing of the data, used the access to create their own rival database—state violations of state law. Defendants counter that the claims are the equivalent of an attempt to create a copyright over uncopyrightable material and that the Court therefore has subject matter jurisdiction over the action pursuant to § 301(a) of the Copyright Act, 17 U.S.C.A. § 301(a).

Upon consideration of the parties' papers and oral arguments, the Court concludes that even though § 301(a) confers immediate federal jurisdiction over all attempts, however pleaded, to assert any equivalent to any of the exclusive rights specified by § 106 of the Copyright Act, *see Rosciszewski v. Arete Assoc.*, 1 F.3d 225 (4th Cir.1993), the protections against fraud and breach of contract here sought to be enforced are not such equivalents, "precisely because they do not affect strangers' ability to discover and use the information independently." *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1454 (7th Cir.1996).[1]

Accordingly, the motion to remand is granted. However, the issue being subject to reasonable dispute, plaintiff's motion for attorneys' fees is denied.

The Clerk is directed to enter judgment remanding the case to the New York Supreme Court.

SO ORDERED.

---

1. Whether, as a more general matter, the "shrinkwrap" contract's restrictions on re-use are valid and binding, as the court in *ProCD* asserts (chiefly, it would seem, as a matter of "Chicago School" ideology), is an issue not before the Court on this motion.